622 F.2d 70
 104 L.R.R.M. (BNA) 2256, 88 Lab.Cas. P 12,029
 LONG-AIRDOX COMPANY, a Division of The Marmon Group, Inc., Appellee,
v.
INTERNATIONAL UNION UNITED AUTOMOBILE AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), LOCAL 772;
Edward A. Travis, Individually and as President of Local
772; Clayton C. Casto, Individually and as Vice President of
Local 772; Arthur Mills, Individually and as Financial
Secretary of Local 772; Reginald E. Dodd, Individually and
as Recording Secretary of Local 772; Melvin Kessler,
Individually and as Committeeman of Local 772; Manuel L.
Gill, Individually and as Committeeman of Local 772; Homer
Vest, III, Individually and as Committeeman of Local 772;
and John Doe and Richard Roe (said names being fictitious,
their true names being unknown); and all other employees of
the plaintiff acting in concert with the named defendants, Appellants.
 No. 78-1854.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 9, 1980.
Decided May 5, 1980.
 
 Ralph O. Jones, Asst. Gen. Counsel, Detroit, Mich. (John A. Fillion, Gen. Counsel, Jordan Rossen, M. Jay Whitman, Leonard R. Page, Associate Gen. Counsel, Detroit, Mich., on brief), for appellants.
 Willis J. Goldsmith, Washington, D.C. (Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., on brief), for appellee.
 Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and SHIRLEY B. JONES, United States District Judge for the District of Maryland, sitting by designation.
 BUTZNER, Circuit Judge:
 
 
 1
 Local 772, UAW, appeals from an order of the district court compelling it to arbitrate a grievance with Long-Airdox Company. We affirm the order to arbitrate, but we vacate those provisions of the order which (1) held that the employees' refusal to cross a picket line was a sympathy strike and (2) retained jurisdiction to award damages if the arbitrator's ruling was favorable to the company. These issues, we conclude, are subject to arbitration.
 
 
 2
 * This dispute arose when the company's employees, who are members of Local 772, at its Oak Hill, West Virginia, plant refused to cross a picket line. The pickets were members of the Oil, Chemical and Atomic Workers International Union Local 3-888, which was engaged in an economic strike against the company at its Pulaski, Virginia, plant. The company notified Local 772 that it considered the refusal to cross the picket line at Oak Hill to be a violation of the collective bargaining agreement. When the employees persisted, the company requested arbitration. Local 772 declined, and the company brought this action. Meanwhile, the strike at Pulaski was settled, the pickets were withdrawn, and the Oak Hill employees returned to work.
 
 
 3
 The only relief the company now seeks is arbitration of the dispute and damages. It asserts that the employees breached the no-strike clause of the collective bargaining agreement by engaging in a sympathy strike.
 
 
 4
 The union contends that the employees refused to cross the picket line because they feared violence from hostile pickets. It characterizes the stoppage as a dispute over the employees' safety that is excluded from arbitration by the bargaining agreement. It also contends that the employees' refusal to work is protected by § 502 of the Labor Management Act, 29 U.S.C. § 143, which provides that "quitting of labor . . . in good faith because of abnormally dangerous conditions" is not a strike.
 
 
 5
 The district court found that the employees participated in a sympathy strike, and it ordered arbitration to determine whether they had violated the bargaining agreement, but it retained jurisdiction to assess damages.
 
 II
 
 6
 Article XIII of the bargaining agreement provides for the arbitration of grievances which are defined as "any complaint, request, or dispute which involves the meaning, interpretation or application of this agreement." The root of the parties' dispute is the meaning, interpretation, and application of the agreement. Because the claims of both parties are facially governed by the agreement, arbitration is appropriate. Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).
 
 
 7
 Article XXI, after providing unique procedures for the resolution of disputes concerning safety, states:
 
 
 8
 Complaints or grievances concerning matters covered by this Article may not be processed through the grievance procedure of this contract and shall not be subject to arbitration.
 
 
 9
 Neither party questions the article's limitation of the arbitrator's jurisdiction. Their differences concern the scope of the article whether it embraces the dispute arising out of the employees' refusal to cross the picket line. This issue is a proper subject of arbitration. Steelworkers v. Warrior and Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). If the arbitrator determines that Article XXI is applicable to the situation disclosed by the evidence, his function ends. The contractual limitation of the arbitrator's jurisdiction precludes his resolution of the dispute. If, however, the arbitrator rules that Article XXI does not govern this dispute, he has jurisdiction under the broad arbitration clause of Article XIII to resolve the other issues raised by the parties.
 
 
 10
 Article XVIII contains the following clause:
 
 
 11
 (T)here shall be no strike, slowdown, work stoppage, picketing or limitation on production by the Union or by employees . . . .
 
 
 12
 Whether the employees' refusal to cross the picket line breached this no-strike clause is an arbitrable issue. Buffalo Forge Co. v. Steelworkers, 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976). The Union's invocation of § 502 of the Labor Management Relations Act, 29 U.S.C. § 143, does not bar arbitration; on the contrary, it raises mixed issues of law and fact that are arbitrable. Gateway Coal Co. v. United Mine Workers, 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974).
 
 
 13
 Finally, we hold that the district court should not have retained jurisdiction to determine the amount of damages. This, too, is an arbitrable issue. Drake Bakeries Inc. v. Bakery Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962).
 
 
 14
 The order of the district court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. Each party shall bear its own costs.